# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4122 | DATE | June 25, 2004 |
| CASE TITLE | Thomas A. Slamecka  v  Empire Kosher Pultry, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Defendants' motion to dismiss the Childs entities is granted, and the remainder of defendants' motion is denied. Defendants' answer to the amended complaint is due within 21 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUN 2 9 2004 date docketed | | |
| | Docketing to mail notices. | | | | 51 |
| | Mail AO 450 form. | | GMA docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| GS courtroom deputy's initials | | 2004 JUN 28 AM 11:34 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SLAMECKA d/b/a<br>T. Slamecka, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>EMPIRE KOSHER POULTRY, INC., J.W.<br>CHILDS ASSOCIATES, L.P., and J.W. CHILDS<br>ASSOCIATES, INC.,<br><br>Defendant. | DOCKETED<br>JUN 2 9 2004<br><br>No. 03 C 4122<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

In his two-count second amended complaint,[1] plaintiff Thomas S. Slamecka d/b/a T. Slamecka, Inc. seeks $362,000 from defendants Empire Kosher Poultry, Inc., J.W. Childs, L.P., and J.W. Childs Associates, Inc. for breach of contract. Defendants have moved to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendants' motion to dismiss the Childs entities is granted, and the remainder of defendants' motion is denied.

## FACTS

Defendant J.W. Childs, L.P. ("Childs") owns all of the shares of defendant Empire. On October 11, 2002, plaintiff, as president of T. Slamecka Inc., and Adam Suttin, as an agent of Childs, entered into an agreement (the "Agreement") naming T. Slamecka, Inc. as Empire's "exclusive Investment Banking representative" for the purpose of assisting Empire with respect

---

[1] In a memorandum opinion and order dated November 10, 2003, Thomas A. Slamecka v. Empire Kosher Poultry et al, 290 F. Supp. 2d 934 (N.D.Ill. 2003) ("Slamecka I"), the court granted defendants' motion to dismiss plaintiff's claims for quasi-contractual recovery and denied defendants' motion to dismiss plaintiff's contract claim.

to, (1) any sale of stock in, or substantially all of the assets of Empire, (2) any merger, or (3) any other divestiture transaction with Empire.

According to the Agreement, T. Slamecka, Inc. would implement a divestiture strategy consistent with the objectives, needs and preferences of Empire owners and debt holders "as communicated by J.W. Childs, or its appointed agent." In addition, the Agreement provided that T. Slamecka, Inc. would provide ongoing oversight and management services and oversee negotiations with outside contractors including labor negotiations.

In consideration of these services, the Agreement provided that Empire would pay T. Slamecka, Inc. a non-refundable cash retainer fee (the "retainer fee") of $12,000 each full calendar month during the term of the Agreement. The Agreement also provided that "[i]f [Empire] or an affiliate controlled by [Empire] enter[ed] into a transaction" during the term of the Agreement, Empire would pay T. Slamecka, Inc. a cash transaction fee (the "transaction fee") equal to two percent of the transaction. Any retainer fee received by T. Slamecka, Inc. during the twelve months prior to the closing of any transaction was to be credited against the transaction fee.

In accordance with its express termination provision, the Agreement terminated automatically on April 15, 2003. Plaintiff received $78,000 in retainer fees, but maintains that he is entitled to a transaction fee for his efforts to procure a ready, willing and able buyer for Empire.

The first amended complaint in the instant suit was brought by two plaintiffs: Thomas Slamecka and T. Slamecka, Inc. As the court noted in Slamecka I, however, T. Slamecka, Inc.

was not properly incorporated. In open court on November 19, 2003, plaintiffs' attorney clarified that the actual plaintiff was Thomas Slamecka d/b/a T. Slamecka, Inc.:

| | |
|---|---|
| Court: | I don't even know who the plaintiffs are here. I don't why the individuals are in there at all. Either it's the corporation, a de facto corporation, or it's an individual. What is it? |
| Mr. Finke: | Your Honor did point out in the memorandum the contract is formally with T. Slamecka, Inc. |
| Court: | But there is no such thing. |
| Mr. Finke: | It did not get incorporated. |
| Court: | All right. So it is really him, isn't it? |
| Mr. Finke: | Yes. |
| Court: | So there is no T. Slamecka, Inc., right? He's d/b/a T. Slamecka, Inc., isn't [that] right? |
| Mr. Finke: | Yes. |
| Court: | Isn't that the way it should be? |
| Mr. Finke: | Yes. |

Consistent with this exchange, the second amended complaint was filed by one plaintiff: Thomas Slamecka d/b/a T. Slamecka, Inc.

In Count I of his second amended complaint, plaintiff alleges that defendants breached the Agreement by refusing to proceed with a sale of Empire after plaintiff presented one or more offerors who were ready, willing and able to enter into an enforceable contract to buy Empire. In Count II, which is also styled as a breach of contract claim, plaintiff alleges in the alternative that he was ready, willing and able to obtain a buyer for Empire but was prevented from doing so for one or more of the following reasons: (1) one or more defendants refused to consider offers that were procured by plaintiff; (2) one or more defendants closed the sale process prematurely; (3) for a significant period of time after October 11, 2002, despite plaintiff's request to set forth acceptable terms for a proposed sale, defendants refused to do so; (4) one or more defendants set forth changing and/or inconsistent terms for what would be considered acceptable for a proposed

sale of Empire; (5) one or more defendants omitted material facts prior to the execution of the Agreement, such as senior debtholders' veto control over the sales process as well as acceptable terms for a sale; and (6) one or more defendants failed to cooperate in the completion of the proposed sale of Empire in a timely manner. Plaintiff seeks $362,000 in damages from defendants.

Defendants have moved to dismiss the second amended complaint, arguing: (1) plaintiff does not have standing to maintain the instant suit; (2) the Agreement is not enforeceable because T. Slamecka, Inc. does not exist, and thus could not have ratified the Agreement; (3) Childs and Childs Associates should be dismissed because they were not parties to the Agreement; and (4) Count II is duplicative of Count I. For the reasons stated below, the court dismisses the Childs defendants and denies the remainder of the defendants' motion.

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court is obligated to accept all well-pleaded facts in plaintiff's amended complaint as true and draw all reasonable inferences in favor of the non-moving party. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). The consideration of a Rule 12(b)(6) motion is generally restricted to the pleadings, which include the complaint, any exhibits attached thereto, and supporting briefs. Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

1.  Standing

Defendants argue that the Agreement was signed by T. Slamecka as President of T. Slamecka, Inc., and that "the intent of the parties was to obligate the Corporation and Empire as

4

corporate entities.... As a result, Slamecka has not suffered any personal injury and cannot enforce [the Agreement] personally." The court disagrees.

The caption of the second amended complaint conforms with the court's November 19, 2003, instruction to plaintiff's counsel, as well as applicable law. For example, in Thompson v. Patrick Cadillac, 187 Ill. App. 3d 104 (Ill. App. 2d Dist. 1989), the Appellate Court of Illinois held that the plaintiff, an individual doing business as a corporation that in fact was not incorporated, had standing to sue on a contract entered into by the corporation. Among other things, the Thompson court noted that "plaintiff's right to recover against defendant Patrick Cadillac does not depend on the capacity in which plaintiff contracted with it," and further emphasized that the Business Corporation Act already provided for the penalty of a misdemeanor for violating Section 220 of the Act, which prohibits an unincorporated entity from advertising or soliciting business under an assumed corporate name. Id. at 109 (citing Edgerton v. Preston, 15 Ill. App. 23 (Ill. App. 1st Dist. 1884)). See also Turnes v. Johnson, 179 Ill. App. 32 (Ill. App. 1 Dist. 1913) ("Section 18 of the Corporation Act provides the only penalty (which would exist indeed without it) for doing business without warrant under a corporate name, namely – that the person or persons doing so are 'jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation or pretended corporation.'"); 805 ILCS 5/3.20 ("All persons who assume to exercise corporate powers without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.").

Contrary to defendants' representation to the court, Thompson was not "overruled" by either Davane, Inc. v. Mongreig, 193 Ill. App. 3d 636 (Ill. App. 2d Dist. 1990), or Hoskins Chevrolet, Inc. v. Hochberg, 294 Ill. App. 3d 550 (Ill. App. 1st Dist. 1998), neither of which

5

specifically dealt with the capacity of an individual plaintiff to maintain a suit "doing business as" the assumed name of a nonexistent corporation. In fact, the Davane court did not even reference Thompson, and the Hochberg case described Thompson as not being "factually similar." See Hochberg, 294 Ill. App. 3d at 555.

Further, as recently as 2003, Thompson was cited by another court in this district with approval. See Parkman & Weston Associates, Ltd. v. Ebenezer African Methodist Episcopal Church, 2003 WL 22287358, at *6 (N.D.Ill. September 30, 2003) ("[The Assumed Name Act, the Business Corporation Act, and the Architecture Services Act] already provide separate penalties for violations, and so the plaintiffs should not be further penalized for any violations by barring of their claims.") (citing Thompson, 187 Ill. App. 3d at 108).

Accordingly, the court denies defendants' motion to dismiss for lack of standing.

2.  Enforceability of the Agreement

Defendants next argue that, because plaintiff entered into the Agreement as an agent of T. Slamecka, Inc., a nonexistent entity, defendants are entitled to withdraw from the contract. In support of this proposition, defendants cite to Davane, in which the Illinois Appellate Court denied specific performance of a real estate contract to plaintiff, Davane, Inc., whose agent entered into the contract on its behalf before its articles of incorporation had been filed. The defendants had renounced the real estate contract prior to Davane's incorporation (and thus before Davane could have ratified the contract). Following the principle that a party who contracts with an unauthorized agent may withdraw from the contract at any time before the principal's ratification, the court reasoned that because Davane was not recognized as a

corporation at the time of contracting, its agent could not have been authorized and defendants were entitled to withdraw from the contract. Davane, 193 Ill. App. 3d at 641-42.

As an initial matter, the court notes that defendants' argument regarding the enforceability of the contract flatly contradicts defendants' previous representation to this court, made in the reply brief of their motion to dismiss the first amended complaint, that "there is an express contract here, and one that is acknowledged to control the parties' relationship...." In Slamecka I, relying in part on this representation (which was made after plaintiff disclosed his failure to incorporate T. Slamecka, Inc.), the court dismissed plaintiff's quasi-contract claims. See Slamecka I, 290 F. Supp. 2d at 939 ("Put simply, plaintiffs cannot avoid the terms of the retainer and transaction fees that they memorialized in a written contract, the enforceability and applicability of which has not been put into question, by pleading theories of quasi-contractual recovery."). Defendants' current attempt to withdraw from the Agreement is thus belated at best (and disingenuous at worst).

Even if timely, however, defendants' argument would still fail. The instant case is distinguishable in one crucial respect from Davane. In Davane, the real estate contract in dispute was executory because the title to the property had not yet been transferred. The Agreement at issue in the instant dispute, in contrast, has already been at least partially performed.[2] Indeed, defendants have already paid plaintiff $78,000 in consideration for services performed under the contract during a six-and-a-half month period, belying any claim that the Agreement has not been

---

[2]Because this is a motion to dismiss, rather than a motion for summary judgment, the court declines to resolve the factual disputes surrounding plaintiff's performance, or lack thereof, of the "transaction" portion of the Agreement.

7

performed at all. Moreover, and equally important, the Agreement terminated automatically by its own terms on April 15, 2003, more than a month before the filing of the instant lawsuit.

Defendants do not dispute that "a party to a contract cannot retain the consideration or a part of it, and refuse to be bound by the contract or a part of it." Babcock v. Farwell, 245 Ill. 14, 39 (Ill. 1910). Whether couched in terms of rescission or withdrawal or termination, defendants' attempt to evade the terms of the Agreement, and their obligations thereunder, is impermissible, especially in light of the benefits that defendants have allegedly already received under that Agreement. See also Grody v. Scalone, 408 Ill. 61, 66 (Ill. 1950) (rejecting argument that party's failure to register name under Assumed Name Act rendered contract unenforceable, explaining that Act could not be applied to "provide a means by which persons having received a benefit from another should be enabled to retain it without compensation and to repudiate any agreement for compensation.").

For these reasons, the court rejects defendants' argument that the Agreement is unenforceable because it was entered into by Thomas Slamecka on behalf of T. Slamecka, Inc., a nonexistent entity.

3. Childs Defendants' Liability

Defendants next argue that Childs, as a disclosed agent of Empire, cannot be held liable on the contract. The court agrees.

"Where an agent making a contract fully discloses the principal for whom he is contracting, the agent is not bound on the contract unless he makes himself liable, expressly or by inference fairly drawn from all of the facts and circumstances in evidence." Central States, Southeast and Southwest Areas, Health and Welfare Fund v. Pitman, 66 Ill. App. 3d 300, 302

8

(Ill. App. 3d Dist. 1978) (quoting Annes v. Carolan-Graham-Hoffman, Inc., 336 Ill. 542, 545 (1929)). The question in the instant case, then, is whether Childs was a disclosed principal of Empire, notwithstanding the fact that the signature line did not explicitly state their agent/principal relationship.

In the absence of a representation by plaintiff that the Agreement is not a complete expression of the parties' understanding, the court turns to the Agreement itself to resolve this matter. The Agreement specifically states that it is "an agreement whereunder Empire... engages T. Slamecka, Inc. (the "Agent"), as its exclusive Investment Banking representative...." The Agreement provides that T. Slamecka, Inc. would "be responsible for all activities required to actively assist [Empire] through the completion of each transaction opportunity that [Empire] deems worthy of pursuit."

Moreover, in consideration of the services provided by T. Slamecka, Inc., the Agreement required Empire - not Childs - to pay the appropriate retainer and transaction fees. Further, the termination clause provides that the Agreement would terminate automatically on April 15, 2003, unless terminated sooner by "either party delivering notice of termination to the other party." (Emphasis added.) That clause goes on to describe the consequences of either Empire or T. Slamecka, Inc. terminating the Agreement, further supporting an inference that those two entities are the only "parties" to the Agreement.

Although the Agreement was signed by Adam Suttin as an agent of Childs, nothing in the Agreement suggests that Childs itself was a party to the Agreement or signed in any capacity other than that of Empire's agent. Moreover, the text of the Agreement does not impose any affirmative obligations on Childs. To the contrary, the rights and obligations of the Agreement

9

run only to Empire and T. Slamecka, Inc. In the absence of any ambiguity of contract terms, the court concludes that Childs was acting as the agent of a disclosed principal, Empire, and thus is not liable for the payment sought under Agreement.

4.  Rule 8

Defendants ask the court to dismiss Count II as being duplicative of Count I, since it asks for the same relief as Count I but under a different factual theory. As plaintiff points out, however, Rule 8(e)(2) provides that a party "may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.... A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." See also Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp., 910 F.2d 1540, 1548 (7th Cir. 1990) (Explaining that Rule 8(e)(2) "allows a party to take inconsistent positions in a single suit. Often a pleader cannot tell what the facts will show. Courts allow a pleading of the sort 'I never borrowed the lawn mower, it was broken when I borrowed it, and I returned it in perfect condition' because pleadings precede discovery and trial."). Defendants' motion to dismiss Count II on the grounds that it is both duplicative of, and inconsistent with, Count I is therefore denied.

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss the Childs entities is granted, and the remainder of defendants' motion is denied. Defendants are directed to file an answer to the amended complaint within 21 days of this order. The status report set for June 30, 2004, is cancelled; this matter remains set for a status report on August 19, 2004.

**ENTER:** June 25, 2004

Robert W. Gettleman
United States District Judge