# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| CASE NUMBER | 03 C 4122 | DATE | 8/11/2004 |
| CASE TITLE | Slamecka vs. Empire Kosher Poultry, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set out in the Memorandum Opinion and Order, Plaintiff's Rule 37(b) Motion Resulting from Defendant's Disobedience of Court Order to Answer Interrogatories [53-1] is GRANTED as follows: Defendant shall serve third supplemental answers answering Plaintiff's Interrogatories 6 and 16 fully and completely and under oath by 8/25/04; Defendant shall serve by 8/18/04 a verification of its Second Supplemental Response to Plaintiff's First Set of Interrogatories; and pursuant to Rule 37(b)(2), defendant shall pay plaintiff his fees and expenses incurred in bringing and arguing Plaintiff's Rule 37(b) Motion. Defendant's Motion to Compel Plaintiff to Produce the Documents Previously Requested but Not Produced to Date [56-1] is STRICKEN AS MOOT in part and DENIED as to the remainder. /s/ Geraldine Soat Brown

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 1 –GETTLEMAN number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | AUG 1 2 2004 date docketed | 74 |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | | |
| | Docketing to mail notices. | | GMA docketing deputy initials | |
| | Mail AO 450 form. | 2004 AUG 11 PM 4:51 | | |
| ✓ | Copy to judge/magistrate judge. | | 8/11/2004 date mailed notice | |
| GR courtroom deputy's initials | | FILED-COP | GR mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

DOCKETED
AUG 1 2 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS A. SLAMECKA, )
d/b/a T. SLAMECKA, INC., )
 )
    Plaintiff, ) Cause No. 03 C 4122
 )
v. ) Judge Robert W. Gettleman
 ) Magistrate Judge Geraldine Soat Brown
EMPIRE KOSHER POULTRY, INC., )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Before the court are Plaintiff's 37(b) Motion Resulting From Defendant's Disobedience of Court Order to Answer Interrogatories [dkt 53], and Defendant/Counterplaintiff's Motion to Compel [dkt 56]. For the following reasons, Plaintiff's motion is granted as set out herein. Defendant's motion is stricken as moot in part and denied as to the remainder.

### Background

The Second Amended Complaint by plaintiff Thomas Slamecka ("Slamecka") alleges breach of a written agreement with defendant Empire Kosher Poultry, Inc. ("Empire"), and seeks $362,000 in damages. (Compl. Count I ¶¶ 16, 19; Count II ¶¶ 15, 18.) [Dkt 27.] The factual allegations are described in two previous opinions by the District Judge granting in part and denying in part successive motions to dismiss brought by the present and former defendants regarding the Amended Complaint and Second Amended Complaint. *See Slamecka v. Empire Kosher Poultry, Inc.*, No 03

1

74

C 4122, 2004 WL 1470026 (N.D. Ill. June 29, 2004) (Gettleman, J.); *Slamecka v. Empire Kosher Poultry, Inc.*, 290 F. Supp. 2d 934 (N.D. Ill. 2003). Empire has filed a counterclaim and first amended counterclaim against Slamecka alleging, *inter alia,* breach of fiduciary duty, and seeking in excess of $10,000,000. [Dkt 28, 42.] Slamecka's motion to dismiss the first amended counterclaim is pending. [Dkt 46.]

Discovery in this case has been contentious. On March 24, 2004, this court held a lengthy discovery conference with counsel, and then made rulings on the record regarding Empire's objections to Slamecka's discovery requests. (Pl.'s App. Exs. Rule 37(b) Mot., Ex. 6, Tr. March 24, 2004.) [Dkt 55.] Empire was ordered to serve revised discovery responses and supplemental answers to Slamecka's interrogatories and to produce required documents consistent with those rulings. [Dkt 34.] Empire subsequently requested and was allowed a brief extension of time to produce the documents. [Dkt 38.] Slamecka now argues that Empire has violated that order.

### Slamecka's Rule 37(b) Motion

In particular, Slamecka asserts that Empire has failed to answer Interrogatories 6 and 16, which, he argues, go to the heart of his case. Empire was ordered to provide answers to those interrogatories as revised by the court's ruling. (Tr. March 24, 2004 at 6, 7.)

The gravamen of Slamecka's claim is that he is entitled to a "transaction fee" under the agreement because he, alternatively, either (a) procured a ready, willing and able buyer for Empire but Empire refused to proceed with the sale, or (b) was prevented from obtaining a ready, willing and able buyer through a number of tactics by Empire, including Empire's tactic of setting forth changing and/or inconsistent terms for what would be considered acceptable for a proposed sale.

2

*Slamecka*, 2004 WL 1470026 at *2. Empire's Affirmative Defense No. 3 alleges that Slamecka "failed to provide a ready, willing and able buyer on agreeable terms both to Empire and, most importantly, to its lenders, prior to the expiration date of any contract between the parties." (Def.'s Answer at 14.) [Dkt 61.] Thus, both parties concur that the "terms" acceptable for the proposed sale are central to the case.

Slamecka's Interrogatory 6 requires Empire to state "each of the terms required for a sale" of Empire, and also state whether any of the terms were transmitted to Slamecka in writing and, if so, identify the writing. (Pl.'s App. Exs. Rule 37(b) Mot., Ex. 4, Defs.' Second Supplemental Resp. Slamecka's First Set Interrogs., Interrog. 6.) It also requires Empire to provide specified information about any term that was not transmitted in writing, and to state whether any term changed during the relevant time. (*Id.*)

In its answer to Interrogatory 6, Empire asserts seven terms, (a) through (g), that Empire states "each party . . . was told and knew from the inception." (*Id.*, Resp. Interrog. 6.)[1] In response to subsection (a) of Interrogatory 6, Empire states that terms (a), (c), (f) and (g) were in writing, as were the time constraints, and identifies Bates numbered documents. (*Id.*, Resp. Interrog. 6(a).) Slamecka complains that the listed documents do not disclose the requisite information, and that a number of the listed documents were never shown to him. (Pl.'s Mem. at 6.) However, that is Empire's problem. Empire was ordered to answer Interrogatory 6; those are the documents that it

---

[1] Empire's supplemental response begins with General Objections, notwithstanding this court's express ruling that general objections are not acceptable in federal court and that Empire's General Objections are overruled. *See*, Tr. March 24, 2004 at 3. For the record, Empire's General Objections are still overruled. Furthermore, any objections to the interrogatories were considered and ruled upon at the March 24, 2004 hearing. No additional objections will be sustained. Empire must answer the interrogatories.

3

identified in response to that Interrogatory as the means by which written terms were communicated to Slamecka. In the event that Empire attempts to introduce any other documents for that purpose at a trial or in connection with a motion, Rule 37(c) sets out the consequence of a failure to provide information in response to discovery: Any information not disclosed may not be used unless the failure to disclose is harmless. Fed. R. Civ. P. 37(c). The District Judge presiding at the trial or deciding the motion will determine if Rule 37(c)'s prohibition should be applied.

On the other hand, with respect to the alleged oral terms (b), (d) and (e), Empire's answer is wholly insufficient. According to Empire, those terms were "that Empire wanted a stock sale and not a purchase of assets; . . .that they [Empire's debt holders] required not less than 40% - 50% of their debt to be paid in cash at closing and not merely restructured; [and] that the Internal Revenue Service was owed an amount which could have been as high as $3,000,000 and that any purchaser would have to assume that debt-whatever the amount . . . ." (Defs.' Second Supplemental Resp. Slamecka's First Set Interrogs., Resp. Interrog. 6.)

The significance of those allegedly oral conditions was emphasized at the argument on the present motions. Empire's attorney informed the court that at trial he intends to present the secured lenders as witnesses and expects them to testify that the offers Slamecka procured were unacceptable because the offers were not sufficient to pay off the lenders' debt. He expects those witnesses to testify that they would have required the offers to be not less than 40% of the secured claim. Clearly, Slamecka is entitled to know how, when and by whom Empire contends that term and the other terms were communicated to him, as well as the content of the communication.

Instead, Empire states merely, "Empire and Childs know that Slamecka and the Corporation were informed orally *on numerous occasions too numerous to mention* by Suttin, Turner, Keady,

4

Tornio, Fleet Bank, Merrill, and others and believe they were also informed in writing." (*Id.*, emphasis added.) Empire also adds a list of documents that it claims "respond to the question of communications, dates, speaker, etc." and observes that there may be other documents in the hands of third parties. (*Id.*) That response is patently unsatisfactory, especially in light of the significance of the interrogatory. Empire's failure to provide specific information violates the court's previous order compelling Empire to answer Interrogatory 6.

Likewise, Empire's answer to Interrogatory 16 is wholly insufficient. Interrogatory 16(b) asks Empire to state, with respect to each offer to buy Empire during the relevant period, the reason why the buyer or offeree's proposal was or was not acceptable. (*Id.*, Interrog. 16(b).) Empire's response is practically incomprehensible and totally inadequate. Empire states:

> No offer was acceptable or signed. Other than Woodstock Organics, which withdrew its offer, and Spring Street which never made an offer, and since each offer was conditioned on some or all of the outstanding debt be restructured, *Empire and Childs are without sufficient information with which to assert the exact reasons why all of the expressions of interest did not result in a contract* as that information is in the hands of the senior secured lenders and those that expressed an interest in the company. *For the most likely reasons*, see answer to Interrogatory No. 6 which listed what the minimum requirements for any such sale included.

(*Id.*, Resp. Interrog. 16(b), emphasis added.) In light of Empire's Affirmative Defense No. 3, quoted above, it is literally incredible that Empire is without "sufficient information" about why the offers did not result in contracts.

Slamecka also complains of Empire's answer to Interrogatory 16(c), which asks who made the decisions to reject the offers. Slamecka is correct that he is entitled to a straight-forward answer to that question, and not the ambiguous and confusing cross-reference to the answer to Interrogatory 12(c), which in turn refers to "unknown officers, directors and officers of the companies named in

5

Requests to Admit . . . ." (*Id.*, Resp. Interrog. 12(c).)

Finally, Slamecka complains that Empire's Second Supplemental Response to Slamecka's First Set of Interrogatories was never verified. Interrogatories are required to be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(1). Empire has tendered no excuse for its failure to verify the answers.

In fact, Empire's response to Slamecka's motion (incorrectly titled "Response to Plaintiff [sic] Rule 30(b) Motion") is basically a diatribe against Slamecka, his claim and his attorneys, asserting that Slamecka misquoted Empire's responses and that Slamecka should ask the interrogatories as questions to witnesses at depositions. (Def.'s Resp. at 8-9.) This court has reviewed Empire's responses as those responses were submitted by Empire, and makes the findings set out above. Empire was expressly ordered to answer the interrogatories following a long conference on March 24, 2004. There is no excuse for its failure to do so.

In light of the fact that those same interrogatories were the subject of the March 24, 2004 Order, a remedy under Rule 37(b) is appropriate. Rather than enter an order directing substantive relief pursuant to Rule 37(b)(2)(A)-(D) at this time, this court will allow Empire one final opportunity to answer Interrogatories 6 and 16 fully and completely and under oath by August 25, 2004. In addition, Empire shall serve by August 18, 2004 a verification of its Second Supplemental Response to Slamecka's First Set of Interrogatories. In the event that Empire fails to comply with this order, this court will recommend that the District Judge grant Slamecka substantive relief pursuant to Rule 37(b)(2)(A)-(D). In addition, pursuant to Rule 37(b)(2), Empire shall pay Slamecka his fees and expenses incurred in bringing and arguing Plaintiff's Rule 37(b) Motion. Those fees shall include time to prepare and file the motion and time spent at the oral argument on August 5,

6

2004, but shall not include any time for interoffice conferences. By August 25, 2004, Slamecka shall serve on Empire's counsel a statement of those fees and costs, identifying the date and time for which fees are sought, the work performed (which may be redacted to prevent disclosure of material protected by attorney-client privilege or work product protection), the attorney or paraprofessional performing the work and the billing rate charged. With respect to any expenses for which reimbursement is sought, Slamecka shall provide Empire's counsel with evidence of those expenses. By September 8, 2004, Empire's counsel shall: (a) advise Slamecka's counsel in writing of any specific amounts that are disputed; (b) pay any amount that is undisputed; and (c) if Empire disputes any amounts, submit to Slamecka's counsel the records of Empire's counsel of time and expenses incurred in connection with Slamecka's motion, which may be redacted to prevent disclosure of material protected by attorney-client privilege or work product protection, but shall disclose the work performed, the date and time of services, the attorney or paraprofessional performing the work and the billing rate charged, and any expenses incurred. Thereafter, counsel shall confer to see if an agreement can be reached. If no agreement can be reached, Slamecka may move for enforcement of this order.

### Empire's Motion to Compel

Empire's motion contains essentially two complaints. First, Empire complains that Slamecka provided little or no documentation or information in response to requests and interrogatories seeking documents and information supporting Slamecka's claims, *e.g.*, that he implemented a divestiture strategy for Empire, or that he provided investment banking and management consulting services to Empire. (Def.'s Mot. at 2-4.) Second, Empire complains that Slamecka has failed to

produce his income tax returns or parts thereof that Empire argues would support Slamecka's position that he was operating as a sole proprietorship. (*Id.* at 5-6.)

With respect to the documentation, Slamecka states that he has produced all documents in his control. (Pl.'s Opp'n Def.'s Mot. Compel at 2.) [Dkt 65.] He also states that he has subpoenaed 22 non-parties who have produced a substantial number of documents, and that those documents have been made available to Empire's counsel. (*Id.*) At the oral argument on the motions, Slamecka's counsel stated that, for example, Slamecka had just obtained from his telephone company its records of his telephone calls ("thousands of calls") that Slamecka claims he made in his efforts on Empire's behalf. He also stated that Slamecka had produced approximately 675 pages of documents from his own records, and that Plaintiff's Supplemental Response to Defendants' First Set of Document Requests identified by Bates number the specific Slamecka documents responsive to each request. (Pl.'s Opp'n Def.'s Mot. Compel, Ex. A., Pl.'s Supplemental Resp. Defs.' First Set Doc. Reqs.) At the oral argument, Empire's counsel acknowledged that Slamecka is not required to supplement his responses to identify by Bates number the documents produced by third-parties that might be responsive to each request.

The principles that are set out above with respect to Rule 37(c) are also applicable here. To the extent that Slamecka has documentation supporting his claim, but it is not produced or made available to Empire's counsel in discovery, Rule 37(c) is available.

With respect to the interrogatory answers, Slamecka has served verified supplemental answers to each of the interrogatories of which Empire complains. (Pl.'s Opp'n, Ex. B, Pl.'s Second Supplemental Resp. Defs.' First Set Interrogs.) Thus, Empire's motion to compel is moot in this respect.

With respect to Empire's request for Slamecka's tax return, contrary to Empire's argument, those tax returns are irrelevant to any issue remaining in the case. At the oral argument on the motions, Empire's counsel stated the following as to why Empire is entitled to Slamecka's tax return: Empire takes the position that there was no contract between the parties because Empire had the right to withdraw from the agreement because it was entered into by T. Slamecka Inc., a non-existent entity, and that Empire withdrew from the contract by refusing to pay Slamecka. However, as Slamecka points out, that argument was rejected by the District Judge in his June 25, 2004 opinion. *Slamecka*, 2004 WL 1470026 at *4. Contrary to Empire's argument, Judge Gettleman did not merely base his opinion on the sufficiency of Slamecka's pleading. Judge Gettleman squarely rejected Empire's assertion of a right to withdraw from the Agreement, stating that Empire's argument was "flatly contradict[ed] [by] defendants' previous representation to the court." *Id.* Judge Gettleman characterized Empire's withdrawal argument as "belated at best (and disingenuous at worst)." *Id.* Thus, the issue for which Empire claims to need Slamecka's tax return is no longer in the case. The motion to compel is denied in that respect.

## Conclusion

For the foregoing reasons, Plaintiff's Rule 37(b) Motion is GRANTED as follows:

1. Empire shall serve third supplemental answers answering Slamecka's Interrogatories 6 and 16 fully and completely and under oath by August 25, 2004;

2. Empire shall serve by August 18, 2004 a verification of its Second Supplemental Response to Slamecka's First Set of Interrogatories; and

9

3. Pursuant to Rule 37(b)(2), Empire shall pay Slamecka his fees and expenses incurred in bringing and arguing Plaintiff's Rule 37(b) Motion. The parties shall follow the procedure set out herein to determine the amount to be paid.

Defendant's Motion to Compel is STRICKEN AS MOOT in part and DENIED as to the remainder.

IT IS SO ORDERED.

*Geraldine Soat Brown*
Geraldine Soat Brown
United States Magistrate Judge

August 11, 2004